IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCIENTIFIC IMAGE CENTER            )
MANAGEMENT, LLC,                   )
            Plaintiff,             )
                                   )
        v.                         )   Civil Action No. 04-0550
                                   )
DOMINIC A. BRANDY, AKBAR G.        )
MATADAR, and THE CENTER FOR        )
COSMETIC SURGERY, P.C.,            )
            Defendants.            )

## MEMORANDUM AND ORDER

Gary L. Lancaster,                              February 9, 2006
District Judge.

        This is an intellectual property and unfair competition

action centering on advertisements used by defendants to promote

a certain cosmetic surgical practice.  Specifically, plaintiff

alleges seven causes of action against defendants:  infringement

of common-law trademark rights (Count I), federal unfair

competition (Count II), copyright infringement (Count III), state

law unfair competition (Count IV), tortious interference with a

contractual relationship (Count V), misappropriation of trade

secrets (Count VI), and breach of confidence (Count VII).

Plaintiff seeks compensatory damages, punitive damages,

injunctive relief, and costs.

        Defendants have filed a motion for summary judgment under

Fed. R. Civ. P. 56(c).  Specifically, defendants argue that

plaintiff's trademark infringement claim (Count I) must fail

because plaintiff's mark is weak and not legally protected. Defendants argue that plaintiff's unfair competition claims (Counts II & IV) must fail because plaintiff cannot establish that it has a valid protectable mark or that a likelihood of confusion exists. As to plaintiff's copyright infringement claim (Count III), defendant's argue that plaintiff cannot establish copying because the claimed protected elements of plaintiff's advertisements are purely factual, and thus, not protected by copyright law.     Defendants argue that summary judgment is appropriate as to plaintiff's claim for tortious interference with a contractual relationship (Count V) because there is no valid contract, no intentional interference, and no damages.  As to plaintiff's claim that defendant misappropriated its trade secrets (Count VI), defendants argue that the information that defendants allegedly misappropriated does not constitute "trade secrets."     Finally, defendants argue that Count VII of plaintiff's complaint should be dismissed because "breach of confidence" is not a cause of action recognized in Pennsylvania.

In opposition to defendant's motion for summary judgment, plaintiff argues that this case is not ripe for summary judgment. Plaintiff argues that summary judgment should be denied because numerous questions of material fact exist and bear upon whether defendant's actions constitute trademark infringement, copyright

infringement, and unfair competition under federal law and
Pennsylvania common law.

For the reasons that follow, defendants' motion for summary
judgment will be GRANTED in part, and DENIED in part.

I.   BACKGROUND

Unless otherwise indicated, the following facts are
undisputed.

Plaintiff and defendants operate competing cosmetic
surgical centers nationwide, including centers in the greater
Pittsburgh area. At issue here is a form of plastic surgery that
is commonly referred to as an "s-lift" or "mini facelift."
Plaintiff alleges that defendants "stole" its trademarked plastic
surgery technique, the "Lifestyle Lift," and used this
information to unfairly compete against plaintiff. Defendants
advertise their plastic surgery technique under the name "Quick
Lift."

Plaintiff provides certain services to the facilities it
licenses to perform the Lifestyle Lift, including advertising,
insurance, promotion, accounting, and production of business
materials. Plaintiff uses radio and television advertising to
promote the Lifestyle Lift, and its scripts have been registered
with the United States Copyright Office.

3

Plaintiff decided to open a facility in Pittsburgh and contacted defendant Dominic A. Brandy to discuss the possibility of Dr. Brandy becoming associated with plaintiff's Pittsburgh facility. Dr. Brandy exhibited interest and met with plaintiff's representative. During conversations with plaintiff's representatives, Dr. Brandy allegedly received disclosures of trade secrets, including proprietary information on advertising media selection, patient demographics, services provided to patients and licensed facilities, and personnel recruitment. Plaintiff alleges that after receiving the trade secret information, Dr. Brandy abruptly cut off communication with plaintiff.

Plaintiff opened its planned facility in Pittsburgh in July 2003 under the direction of a third-party practitioner. In November 2003, defendants opened a competing facility in Pittsburgh. Plaintiff contends that defendants' competing facility offers the s-lift procedure that plaintiff made popular in the Pittsburgh area.

Plaintiff was also in business negotiations with defendant Akbar G. Matadar, prior to Dr. Matadar's association with Dr. Brandy. Plaintiff claims that Dr. Matadar also expressed an interest in working for plaintiff's planned facility in Pittsburgh. Plaintiff claims to have given Dr. Matadar trade secret information in anticipation of his affiliation with

4

plaintiff's facility. Plaintiff alleges that Dr. Matadar verbally accepted its offer to work in its planned facility in Pittsburgh. Defendant Matadar did not show up for work at plaintiff's facility on his alleged start date. Plaintiff alleges that when it reached Dr. Matadar several weeks later, he stated that he still wanted to work for plaintiff. Plaintiff alleges that Dr. Matadar was already working at defendant's facility at that time.

Plaintiff alleges that defendants' advertisements have been designed to mimic plaintiff's advertisements in form and layout. Defendants advertise and perform a procedure called the "Lifestyle Facelift," a term that plaintiff claims confuses and deceives the public into assuming that defendants are associated with plaintiff's facility.

## II.   STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247-48. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment. Id. at 248. Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id.

It is on this standard that the court has reviewed defendants' motion and plaintiff's response thereto. Based on the pleadings and evidence of record, and the briefs filed in support and opposition thereto, the court concludes, as a matter of law, that there remains a genuine dispute of material facts that precludes the entry of summary judgment as to Counts I, II, III, IV and VI.

## III.   DISCUSSION

There are several genuine issues of material fact in this case that remain in dispute. First, as to plaintiff's trademark infringement claim, a genuine issue of material fact exists as to

6

whether plaintiff's mark, "Lifestyle Lift," is a valid, legally protectable trademark. The characterization of a mark - that is, whether it is arbitrary, suggestive, descriptive, or generic - is a factual issue for the jury. Ford Motor Company v. Summit Motor Products, Inc., 930 F.2d 277, 292 (3d Cir. 1991). A jury must determine whether plaintiff's mark qualifies for trademark protection. Specifically, the jury must make a determination as to whether the mark "Lifestyle Lift" is suggestive of cosmetic surgery services, and whether defendants illegally used the designation "Lifestyle Lift" and/or "Lifestyle Facelift" in such a way so as to intentionally cause a likelihood of confusion as to the origin and affiliation of the mark. As such, defendants' motion for summary judgment as to Count I is denied.

In light of our holding that genuine issues of material fact exist as to the validity of plaintiff's trademark, defendants' motion for summary judgment as to unfair competition claims (Counts II & IV) must also fail. To prove unfair competition, plaintiff must demonstrate that (1) it owns the mark in question; (2) the mark is valid and legally protected; and (3) defendants' use of the mark created confusion concerning the origin of services. See World Wrestling Federation v. Big Dog Holdings, Inc., 280 F.Supp.2d 413, 445 (W.D. Pa. 2003). Because a jury must decide whether the plaintiff's mark is valid and legally protected and whether defendants' alleged use of the mark

7

created a likelihood of confusion, summary judgment must be also denied as to plaintiff's unfair competition claims.

Plaintiff's copyright infringement claim also survives summary judgment because genuine issues of material fact remain in dispute. Plaintiff seeks to protect the compilation of original and non-original elements into its advertisements. In order to succeed, plaintiff must demonstrate that it owned the copyrighted materials, that defendant had access to its copyrighted work, and that defendant's work is substantially similar to the original. See Ford Motor Company, 930 F.2d at 292. Here, a genuine issue of material fact exists as to whether defendants' used plaintiff's advertising materials when creating their own ads. The degree of of similarity between plaintiff and defendants' advertisements also remains in dispute. Thus, defendants' motion for summary judgment as to copyright infringement (Count III) is denied.

There are also material facts in dispute that preclude summary judgment as to plaintiff's claim for misappropriation of trade secrets. In sum, plaintiff alleges that Dr. Brandy and Dr. Matadar acquired plaintiff's trade secrets during business negotiations, and then misappropriated the trade secret information in organizing and promoting their own facility. Genuine issues of material fact exist as to whether the proprietary information at issue constitutes a trade secret, and

8

whether a confidential relationship existed between plaintiff and defendants when plaintiff disclosed the alleged trade secret information to defendants. A jury must determine whether plaintiff's proprietary information is valuable and confidential enough to constitute a trade secret, and if so, whether defendants misappropriated the information. As such, defendants' motion for summary judgment is denied as to Count VI, misappropriation of trade secrets.

Summary judgment is granted as to Count VII, plaintiff's claim for breach of confidence. Plaintiff has not set forth sufficient evidence to support a separate cause of action for breach of contract. Instead, plaintiff's allegation that defendants' breached a confidence between them and plaintiff is apparently subsumed in plaintiff's misappropriation of trade secrets claim. In order to succeed on its claim for misappropriation of trade secrets, plaintiff must demonstrate that defendant breached a confidential relationship by disclosing the trade secret at issue. Because no separate grounds for recovery exist for plaintiff's claim that defendants breached a confidence, summary judgment is granted as to Count VII.

Summary judgment is also granted as to Count V, plaintiff's claim for tortious interference with a contractual relationship. In order to sustain a cause of action for tortious interference, plaintiff must demonstrate: (1) the existence of a contract

9

subject to interference; (2) that the act of interference was willful and intentional; (3) that such intentional act was a proximate cause of plaintiff's damages; and (4) that actual damage or loss occurred. Tersco, Inc. v. E.I. DuPont de Nemours & Co., 879 F.Supp 445 (E.D. Pa. 1992). Plaintiff has not submitted any evidence to support its initial allegations that defendants are liable for tortious interference with contract because they employed Karen Peckyno, a former employee of plaintiff. Plaintiff alleges that Ms. Peckyno was subject to a written confidentiality agreement with plaintiff, and that defendants induced her to breach the alleged agreement. Plaintiff's response brief offers no evidence to demonstrate the existence of a valid agreement, thus, plaintiff's tortious interference with contract claim fails on the first element. Even assuming that a valid agreement existed between Ms. Peckyno and plaintiff, plaintiff has failed to demonstrate an intentional, willful act by defendants to interfere with the agreement, or resulting damages. As such, no genuine issue of material fact exists, and summary judgment is granted as to Count V.

Defendants also seek summary judgment for the individual defendants, Drs. Brandy and Matadar. Defendants claim that there is no evidence that either Dr. Brandy or Dr. Matadar acted separate or apart from their corporate entity, The Center for

Cosmetic Surgery.  We disagree.  Genuine issues of material fact exist as to Drs. Brandy and Matadar's actions in allegedly obtaining confidential information from plaintiff during business negotiations.  Their level of involvement in the trademark and copyright infringement claims also remains in dispute.  As such, summary judgment is denied as to Drs. Brandy and Matadar.

IV.   CONCLUSION

Accordingly, this 9th day of February, 2006, upon consideration of defendant's motion for summary judgment [document no. 38], IT IS HEREBY ORDERED that defendant's motion is DENIED as to Counts I, II, III, IV, and VI, and GRANTED as to Count V and VII.

BY THE COURT:

_____, J.

cc:   All Counsel of Record

11