IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCIENTIFIC IMAGE CENTER MANAGEMENT, LLC,<br>    Plaintiff,<br><br>    v.<br><br>DOMINIC A. BRANDY, AKBAR G. MATADAR, and THE CENTER FOR COSMETIC SURGERY, P.C.,<br>    Defendants. | Civil Action No. 04-0550 |

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                              March 30, 2006

This is an intellectual property and unfair competition action centering on advertisements used by defendants to promote a certain cosmetic surgical practice. Plaintiff alleges several causes of action against defendants: infringement of common-law trademark rights (Count I), federal unfair competition (Count II), copyright infringement (Count III), state law unfair competition (Count IV) and misappropriation of trade secrets (Count VI).

Plaintiff claims damages including alleged lost profits resulting from defendants' allegedly unlawful advertisements, as well as punitive damages, injunctive relief, and costs. In short, plaintiff claims that it is entitled to profits it would have made through its Pittsburgh facility but for defendants' infringing and unfair conduct. To that end, plaintiff intends to

introduce the testimony of its Chief Financial Officer, Richard Wolski, to show its advertising expenses and sales in United States markets outside of Pittsburgh. Presumably, plaintiff plans to introduce such testimony to show the contrast between its Pittsburgh profits and its profits in other comparable markets as its measure of changes.

Defendants have filed a motion in limine [document no. 70] to preclude plaintiff from introducing evidence comparing the Pittsburgh market to various other markets where plaintiff performs the cosmetic procedure at issue here, and to preclude Mr. Wolski from testifying to that effect. Specifically, defendants argue that in calculating damages, "plaintiff relies on unreliable and unverifiable methodology by comparing the number of S-Lift procedures performed in Plaintiff's Pittsburgh facility...with the number of S-Lift procedures performed in facilities owned by Plaintiff in other cities." Defendants contend that, "plaintiff's methodology is unreliable, unverifiable, and fails to make any connection between the advertisements at issue and any alleged lost profits...." Defendants' urge us to apply Federal Rules of Evidence 702 and 703 to ascertain the reliability of expert testimony.

In response, plaintiff argues that Mr. Wolski is a "fact" witness relating to plaintiff's advertising expenses and sales in the United States. Plaintiff argues that cross-examination--not

a <u>motion in limine</u>--is the proper legal technique to discredit Mr. Wolski's methodologies and testimony.

We agree with defendant that this is a <u>Daubert</u> issue. See <u>Daubert v. Merrell Dow Pharms, Inc.</u>, 509 U.S. 579 (1993). Whether a witness is a fact witness or an expert witness is not dependent on what label his proponent places on him. In this case, plaintiff seeks to have Mr. Wolski render an opinion of plaintiff's damages by calculating those damages using a methodology in which he is particularly skilled and which is beyond the common understanding of the average juror. He is an expert witness subject to Rule 702.

Accordingly, this 30th day of March, 2006, upon consideration of defendant's <u>motion in limine</u> to exclude testimony and evidence of lost profits [document no. 70], IT IS HEREBY ORDERED that a <u>Daubert</u> hearing on Mr. Wolski's testimony will be held immediately prior to trial.

BY THE COURT:

_____, J.

cc: All Counsel of Record

3